IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS SHAW,

    Petitioner,

v.                                                     CASE NO. 5:14-cv-133-RV-GRJ

WARDEN, FCI MARIANNA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in federal custody proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paying the filing fee. (Doc. 1.) Petitioner is challenging the constitutionality of his convictions and sentences for conspiracy to distribute cocaine and cocaine base and other offenses. *See U.S. v. Shaw*, Case No. 95-8094-Cr-Ryskamp (S.D. Fla.). Because it is clear that Petitioner is not entitled to habeas corpus relief, the undersigned recommends that the Petition be denied.[1]

The facts underlying the instant Petition are summarized in orders denying Petitioner's prior motions for postconviction relief from his conviction and sentence. *See Shaw v. U.S.*, Case No. 9:12-cv-80608-KLR, Doc. 13 (S.D. Fla. 11/29/12). At sentencing, the trial court determined that Petitioner's total base offense level of 40 and criminal history category of V resulted in a guideline sentencing range of 360 months to life. The government had filed a notice of sentencing enhancement under 21 U.S.C § 851, and sought a mandatory minimum life sentence under 21 U.S.C. § 841 (b) (1) (A)

---

[1] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

because Petitioner had three prior felony drug convictions and the instant offenses involved 50 grams or more of crack cocaine.  *Id*.  The trial court agreed and sentenced Petitioner to total term of life imprisonment.  *Id*.  Petitioner's convictions and sentence were affirmed on direct appeal.  Petitioner unsuccessfully pursued postconviction relief under 28 U.S.C § 2255, Fed. R. Civ. P. 60(b), and § 2241.  *Id*.; *see Shaw v. Warden*, Case No. 9:10-cv-80614 (S.D. Fla. 5/20/10).

The instant petition contends that Petitioner is entitled to relief from his mandatory minimum life sentence pursuant to *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151 (2013).   In *Alleyne*, the Supreme Court reaffirmed that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime," and applied *Apprendi* to facts that increase mandatory-minimum sentences.  *Alleyne*, 133 S.Ct. at 2160.  Petitioner contends that the trial court's drug-quantity finding that subjected him to an enhanced mandatory-minimum life sentence was an element of the offense that should have been charged in the indictment and proven to a jury beyond a reasonable doubt.  Doc. 1.

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"  Here, Petitioner has previously been denied relief under 28 U.S.C. § 2255.

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

The Eleventh Circuit has held that in order to proceed under the § 2255(e) savings clause, a § 2241 petitioner must satisfy five specific requirements: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, Circuit precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013).

In this case, it is unnecessary to address all five requirements because Petitioner fails to satisfy the third requirement – the new rule announced in *Alleyne* does not apply retroactively on collateral review. *Jeanty v. Warden, FCI-Miami*, 757 F.3rd 1283, 1285 (11th Cir. 2014) (finding it unnecessary to address all five savings clause requirements when the retroactivity requirement is not satisfied). As the Eleventh Circuit explained:

> [Petitioner] does not meet *Bryant 's* third requirement because *Alleyne* does not apply retroactively on collateral review. . . . First, neither *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. *See United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014). Second, the *Alleyne* Court explained that its holding was an application of the rule established in *[Apprendi]* . . . and we have repeatedly held that *Apprendi 's* rule does not apply retroactively on collateral review. . . . . If *Apprendi 's* rule is not retroactive on collateral review, then neither is a decision applying its rule. *See In re Anderson*, 396 F.3d 1336, 1340 (11th Cir.2005) (explaining that decisions "based on an extension of Apprendi " are not retroactive); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive). Finally, every one of our sister circuits to consider the issue in a published decision has concluded that *Alleyne* is not retroactively applicable on collateral review. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir.2013); *Simpson*, 721 F.3d at 876. We therefore conclude that Jeanty has not met *Bryant 's* third

requirement.

*Jeanty*, 757 F.3d at 1285-86.

The Eleventh Circuit's conclusion that *Alleyne* does not apply retroactively to cases on collateral review, and therefore that a petition based on *Alleyne* does not satisfy the third *Bryant* requirement, is binding circuit precedent that forecloses the claims in the instant petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED.**

**IN CHAMBERS** this 10th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**